UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEMONE WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:12-cv-02960-LSC-SGC |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

On August 26, 2015, the magistrate judge entered a report recommending Christopher Lemone White's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 be denied as barred by the applicable statute of limitations. (Doc. 13). In accordance with Rule 11 of the *Rules Governing Section 2254 Proceedings*, the magistrate judge also recommended a certificate of appealability be denied. (*Id.*). The magistrate judge gave White fourteen (14) days to file specific written objections to her report and recommendation. (*Id.*). On September 14, 2015, White filed a motion requesting appointment of counsel (Doc. 14) and a motion for an extension of time to file objections to the report and recommendation (Doc. 15).

White does not articulate any reason why he requires appointment of an attorney. (*See* Doc. 14). There is no constitutional right to appointment of counsel

1

in a post-conviction proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). "In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing." *Johnson v. Avery*, 393 U.S. 483, 487 (1969). The Criminal Justice Act of 1964 authorizes discretionary appointment of counsel at public expense to an indigent defendant in a post-conviction proceeding under 28 U.S.C. §§ 2241, 2254, or 2255 prior to an evidentiary hearing whenever the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). However, where a defendant seeks appointment of counsel in a federal post-conviction proceeding prior to an evidentiary hearing, courts generally decline to grant the request unless it appears (1) the defendant has presented a constitutional claim with at least a fair likelihood of success on the merits, (2) the claim is factually complex and legally intricate, and (3) the facts are largely underdeveloped and the defendant, due to his incarceration and indigency, is severely hampered in his ability to investigate them. *See United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993)). Neither these nor other exceptional circumstances that might warrant appointment of counsel exist here. *See Goodman v. Meko*, 861 F.2d 1259, 1260 (11th Cir. 1988) (finding no exceptional

circumstances that warranted appointment of counsel in federal habeas proceeding, court denied petitioner's motion for appointment of counsel). White's § 2254 petition is clearly time-barred. Therefore, White's motion requesting appointment of counsel (Doc. 14) is **DENIED**.

Likewise, White does not articulate any reason why he requires an extension of time to file objections to the report and recommendation. (*See* Doc. 15). Because White's § 2254 petition is clearly time-barred, any extension would be futile. Therefore, White's motion for an extension of time to file objections to the report and recommendation (Doc. 15) is **DENIED**.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** that report and **ACCEPTS** the magistrate judge's recommendations. Accordingly, White's § 2254 petition is due to be **DENIED** as barred by the applicable statute of limitations. Furthermore, for the reasons set forth in the report and recommendation and pursuant to Rule 11 of the *Rules Governing Section 2254 Proceedings*, a certificate of appealability is **DENIED**.

A final judgment will be entered.

**DONE** AND **ORDERED** ON SEPTEMBER 17, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704